**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4865

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CLEVELAND LAQUINCY GRIFFIN, a/k/a Q,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., District
Judge.  (3:07-cr-00926-JFA-1)

Submitted:  September 3, 2009          Decided:  October 15, 2009

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Katherine E. Evatt, Assistant Federal Public Defender, Aileen P.
Clare, Research and Writing Specialist, OFFICE OF THE FEDERAL
PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.
William Walter Wilkins, III, United States Attorney, John David
Rowell, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cleveland Laquincy Griffin pleaded guilty to possession of cocaine base with intent to distribute, in violation of 21 U.S.C.A. § 841(a), (b)(1)(A) (2006 & West Supp. 2009). Griffin was sentenced to 262 months of imprisonment and now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that there are no meritorious issues for appeal. Griffin filed a pro se supplemental brief raising an additional issue.* We affirm.

In the Anders brief, counsel first questions whether the district court erred in accepting Griffin's guilty plea. Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). The purpose of the Rule 11 colloquy is to ensure

---

* We have considered the claim raised in Griffin's pro se brief and conclude the claim lacks merit.

that the plea of guilt is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002).

Because Griffin did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Griffin] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Griffin satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. Our review of the transcript reveals full compliance with the requirements of Rule 11, and we conclude that Griffin pleaded guilty knowingly and voluntarily.

Counsel next questions whether the district court erred in sentencing Griffin as a career offender. The district court considered a prior conviction for failure to stop for a blue light as a predicate offense for purposes of the career offender designation under the advisory guidelines. See U.S. Sentencing Guidelines Manual § 4B1.1 (2008). We conclude that this was error. See United States v. Roseboro, 551 F.3d 226 (4th Cir. 2009) (holding that failure to stop for a blue light

under South Carolina law is not per se violent felony under the Armed Career Criminal Act).  However, Griffin had two other prior offenses that qualified as predicates for career offender purposes and, therefore, the district court properly designated Griffin a career offender.  Accordingly, this error did not affect Griffin's substantial rights.  See Muhammad, 478 F.3d at 249 (providing standard for plain error review).

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal.  We therefore affirm the judgment of the district court.  This court requires that counsel inform Griffin, in writing, of the right to petition the Supreme Court of the United States for further review.  If Griffin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Griffin.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED